# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAMELA WHITEFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-04-1106-T |
| ) | |
| THE TOWN OF MAUD, OKLAHOMA, a ) | |
| Municipal Corporation, SHAWN SWEENEY, ) | |
| and JOHN DOES, ) | |
| ) | |
| Defendants. ) | |

## ORDER

On July 7, 2005, the Court entered an order directing Plaintiff to correct certain deficiencies in her June 17, 2005, witness and exhibit list. Plaintiff responded to the Court's order by filing, on July 11, 2005, an amended witness and exhibit list which, in part, purported to *expand* the number of exhibits she intends to offer at trial.[1] Prior to doing so Plaintiff neither sought nor obtained leave of Court to list additional exhibits. On July 11, 2005, the Court entered an order which construed Plaintiff's July 11, 2005, amended witness and exhibit list as a request for leave to file an amended witness and exhibit list. The Court directed Defendants to file any objections to Plaintiff's amended witness and exhibit list.

Defendants responded to the Court's order on July 15, 2005. In their objection, Defendants stated they had no objection to Plaintiff using "medical or psychiatric 'records' which were . . . in the possession of the parties as of July 12, 2005." Defendants' objected to Plaintiff's use of the "Policies & Procedures

---

[1] Plaintiff's original exhibit list did not identify (1) psychiatric records maintained Dr. Jim Lowery; (2) psychiatric records maintained by Don Dyer, M.S., or (3) the "relevant portions of Policies & Procedures Manual – Town of Maud."

Manual – Town of Maud" as that document had never been produced in discovery. Plaintiff filed a response to Defendants' objection on July 18, 2005. In that response, Plaintiff stated she mislabeled the policy she intended to list and that she did not intend to offer the "Policies & Procedures Manual – Town of Maud."

Accordingly, upon review of the parties' filings, the Court determines that even though Plaintiff filed her July 11, 2005, witness and exhibit list without obtaining leave of Court to do so, it should not be stricken in its entirety. The Court further finds that Plaintiff's sixth and seventh exhibits are limited to medical or psychiatric records existing <u>and</u> in the possession of the parties' on or before July 12, 2005, and Plaintiff's eighth exhibit is stricken as Plaintiff has stated that she does not intend to offer any portion of the "Policies & Procedure Manual – Town of Maud."

IT IS SO ORDERED this  22nd  day of July, 2005.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE